UNITED STATES DISTRICT COURT
EASTERN DIVISION OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | |
|---|---|
| PEGGY SUE ASHER,<br><br>    Plaintiff,<br>v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>    Defendant. | )<br>)<br>)<br>)    Civil Case No.<br>)    6:12-cv-156-JMH<br>)<br>)    **MEMORANDUM OPINION & ORDER**<br>)<br>)<br>) |

\*\*\*

This matter is before the Court upon cross-motions for summary judgment on Plaintiff's appeal of the Commissioner's denial of her application for disability insurance benefits. [Tr. 11—19].[1] The Court, having reviewed the record and being otherwise sufficiently advised, will deny Plaintiff's motion and grant Defendant's motion.

**I.    OVERVIEW OF THE PROCESS AND THE INSTANT MATTER**

The Administrative Law Judge ("ALJ"), in determining disability, conducts a five-step analysis:

> 1.   An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

> 2. An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.
>
> 3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.
>
> 4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.
>
> 5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id.* "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id.*

In the instant matter, the ALJ considered Plaintiff's claim in accordance with the five-step sequential evaluation process. [Tr. 11—19]. He first determined that

2

Plaintiff did not engage in substantial gainful activity during the relevant time period under step one. [Tr. 13]. Under step two, the ALJ found that Plaintiff has three medically determinable severe impairments, including chronic obstructive pulmonary disease, anxiety disorder, and a decreased ability to read. [Tr. 13].

After deciding that Plaintiff's impairments did not equal a listed impairment under step three, the ALJ proceeded to step four and found that Plaintiff has a residual functional capacity ("RFC") to perform a full range of work so long as she does not have concentrated exposure to pulmonary irritants, is not required to read over a sixth grade level, and only has occasional contact with co-workers, supervisors and the public. [Tr. 16]. Although the ALJ found that Plaintiff cannot perform her past relevant work with this RFC, he determined with the assistance of a vocational expert that other work exists in significant numbers nationally and across the state that Plaintiff can perform in her condition. [Tr. 18]. Thus, the ALJ determined that Plaintiff is not disabled under the Social Security Act. [Tr. 19].

In this appeal, Plaintiff argues that the Commissioner's decision is not supported by substantial evidence of record. Specifically, Plaintiff argues that

3

she did not receive a fair hearing. [D.E. 10, Pl. Br., at 4]. Further, Plaintiff argues that the ALJ erred by failing to give her treating physician's opinion controlling weight. [D.E. 10, Pl. Br., at 2—4]. The Court has considered arguments by Plaintiff and the Commissioner, as well as the administrative record, and, for the reasons stated below, affirms the Commissioner's decision.

## II. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion, *see Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

4

**III. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is currently thirty-six years old with a tenth-grade high school education. [Tr. 30]. She has past work experience as a waitress, cashier, and babysitter. [Tr. 31—32]. Plaintiff filed for disability under Title II on May 13, 2010, alleging disability beginning on January 15, 2008. [Tr. 11]. The claim was denied both initially and upon reconsideration. [Tr. 11]. Plaintiff requested a hearing with the ALJ, which took place on June 14, 2011. [Tr. 11]. The ALJ issued an unfavorable decision denying disability on July 14, 2011. [Tr. 19].

Plaintiff testified at her hearing that she has been unable to return to work since January 2008 because of anxiety, panic attacks, and constant pain in her back, neck, ribs, left arm, left hand, head, legs, and feet, among other places. [Tr. 35—37]. Most of her injuries, including her anxiety, stem from an automobile accident in April 2010. [Tr. 34; 204—05; 238; 311]. Plaintiff also has a history of chronic obstructive pulmonary disease (COPD) and accompanying breathing problems. [Tr. 14].

Plaintiff's medical records following her automobile accident, however, report that Plaintiff's only substantial injury from her accident was a dislocated left elbow; the remainder of her exam was "unremarkable." [Tr. 390].

5

Plaintiff presented with a normal range of motion and strength in her musculoskeletal system less than one year after her accident in January 2011. [Tr. 692; 733].

Regarding Plaintiff's complaints of anxiety, Mary Allen Genther, M.S., a state consultative psychology examiner, met with Plaintiff and concluded that she has only mild limitations in her abilities to retain and follow simple instructions, carry out repetitive tasks, maintain attention, relate to employers and coworkers, make simple work-related decisions, and tolerate the stress and pressure of day-to-day work activity. [Tr. 321]. Dr. Jane Brake, a reviewing psychiatrist, agreed with Ms. Genther's conclusions. [Tr. 339].

By contrast, Plaintiff's treating physician, Dr. Melborne Williams, calculated Plaintiff's Global Assessment Functioning at 40, signifying that Plaintiff possesses several major impairments or significant communication difficulties. [Tr. 17; 809]. The ALJ rejected Dr. Williams' opinion in favor of Ms. Genther's and Dr. Brake's opinions based upon his review of the objective medical evidence and his personal observations of Plaintiff's communication capabilities at the hearing. [Tr. 17].

6

**IV. Analysis**

Plaintiff's central argument is that the ALJ did not provide her a fair hearing. Specifically, Plaintiff outlines in her brief all of the medical ailments that she has experienced since childhood and argues that when all of this evidence is considered, the only conclusion that the ALJ could have reached would have been to award her disability benefits. [D.E. 10, Pl. Br., at 4, 1–9].

However, Plaintiff fails to point to any specific portion of the record that the ALJ failed to consider. Neither does Plaintiff describe how such specific evidence might have changed the ALJ's decision. This Court is not required to "formulate arguments on the Plaintiff's behalf" or engage in an "open-ended review of the entirety of the administrative record to determine . . . whether it might contain evidence that arguably is inconsistent with the Commissioner's decision." *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006).

A brief review of the record demonstrates, however, that the ALJ carefully considered all of the evidence before him and followed the law when making his decision that Plaintiff is not entitled to disability benefits. For example, he evaluated Plaintiff's COPD, reading disability, and anxiety as severe based on the objective medical

7

records that support these conditions. [Tr. 14]; 20 C.F.R. § 404.1529. He appropriately concluded within his discretion that Plaintiff's other complaints, including injuries from her automobile accident in 2010 and her numerous trips to the emergency room at Manchester Memorial Hospital for pain, pneumonia, and congestive heart failure, among other things, have no more than a minimal effect on her ability to work, and, thus, are non-severe. [Tr. 14]; 20 C.F.R. § 404.1529 (d)(1).

Furthermore, the ALJ concluded that Plaintiff's medical conditions, both severe and non-severe, create the no more than moderate occupational and social implications on Plaintiff. [Tr. 17]; 20 C.F.R. § 404.1545. He concluded that Plaintiff has the residual functional capacity to perform a full range of work so long as she avoids concentrated exposure to pulmonary irritants, is not required to read over a sixth grade level, and only has occasional contact with co-workers, supervisors and the public. [Tr. 16]; 20 C.F.R. § 404.1545. With the assistance of a vocational expert, the ALJ finally determined that Plaintiff cannot return to her previous jobs, but is capable of performing a variety of jobs available in the national economy. [Tr. 16–18]; 20 C.F.R. § 416.920(e)–(g). Quite frankly, the ALJ followed the

legal framework required of him, and the mere fact that Plaintiff disagrees with the ALJ's decision is insufficient to justify a reversal.

Plaintiff complains in her brief that she has plenty of medical records to support her claim for disability benefits, and reiterates that she perceives her pain as disabling. [D.E. 10, Pl. Br., at 3]. However, an individual's "statements about [] pain or other symptoms will not alone establish that [the individual is] disabled." 20 C.F.R. § 404.1529(a). Rather, the Court must examine whether "objective medical evidence confirms the severity of the alleged pain arising from the condition" or "whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting *Felisky v. Bowen*, 35 F.3d 1027, 1038–39 (6th Cir. 1994)). Indeed, the ALJ is completely entitled to discount a claimant's credibility "where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Id.* (citing *Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1227 (6th Cir. 1988)).

The ALJ's conclusions accord with the objective medical evidence in this case. Indeed, Plaintiff's medical

9

records reveal that the only serious injury that she incurred in her motor vehicle accident was a dislocated elbow that seems to have healed two years ago without surgical intervention. [Tr. 198, 390, 692; 733]. Further, the majority of her medical records simply document repeated hospital visits for non-severe routine illnesses, such as nausea, tooth pain, urinary tract infections, and cold symptoms. [Tr. 430, 440, 467, 484, 507, 571, 609, 779]. Indeed, a more recent hospital record indicates that Plaintiff was discharged on that occasion with simple instructions to diet, exercise and comply with medical directives, instructions that are hardly indicative of debilitation. [Tr. 17; 668]. Although Plaintiff has also been treated for COPD and shortness of breath, her more recent physical exams continue to show that her lungs are clear and appear normal. [Tr. 701; 829; 858]. It seems clear that the ALJ's opinion that Plaintiff's medical records do not support her claims of disabling pain is wholly justified, and particularly since "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference," the Court sees no reason to disturb his opinion. *Id.* at 531 (citing *Villareal v. Sec'y of Health & Human Servs.*, 818 F.2d 461, 463 (6th Cir. 1987)).

10

Finally, Plaintiff argues that the ALJ failed to give appropriate deference to her treating physician, Dr. Melborne Williams. [D.E. 10, Pl. Br., at 2]. Plaintiff's argument again falls short. While it is true that under the "treating physician rule," a treating physician's opinion is normally entitled to substantial deference, it is also true that the ALJ is not bound to give that opinion controlling weight. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) (citing *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987)); 20 C.F.R. § 404.1527(c)(2). Rather, controlling weight should only be given to a treating physician when his opinion is "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *see also Bogle v. Sullivan*, 998 F.2d 342, 347—48 (6th Cir. 1993) ("such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence.").

In this case, the ALJ correctly found that Dr. Melborne's opinion was not supported by substantial evidence of record. Based upon Plaintiff's anxiety and depression, Dr. Melborne calculated Plaintiff's GAF at 40, which signifies that Plaintiff has major impairments in several areas of psychological, social, and occupational functioning, or some impairments in communication ability

11

(such as illogical, obscure or irrelevant speech). [Tr. 809–13]. However, Plaintiff's medical records and self-attested relationships simply do not support that she suffers from major psychological, social and/or occupational impairments due to a disabling medical condition. Indeed, she maintains relationships with her boyfriend, best friend, parents, and children, who live next door to her. [Tr. 145]. She is able to attend medical appointments, and the physicians who examine Plaintiff have oft noted that she is pleasant and cooperative. [Tr. 145, 317, 729, 731]. Further, the ALJ had the opportunity to observe Plaintiff's speech at her hearing, and reported that she was clear and coherent. [Tr. 17]. The ALJ's reasonable conclusion that Plaintiff does not suffer from major psychological, social, and/or occupational impairments nor severe communication difficulties is further supported by Ms. Genther's consultative exam and Dr. Brake's consultative review of the record. [Tr. 317, 339, 729, 731]. Thus, the ALJ acted within his discretion when he concluded that Dr. Williams's opinion is contradicted by the remainder of the record.

Thus, in conclusion, the objective evidence in this case did not establish that Plaintiff is disabled within

the meaning of the Social Security Act, and substantial evidence supports the ALJ's decision.

Accordingly, **IT IS ORDERED**:

(1) that Plaintiff's Motion for Summary Judgment [DE 10] is **DENIED**; and

(2) that Defendant's Motion for Summary Judgment [DE 11] is **GRANTED**.

This the 31st day of January, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge